McCALEB, Justice.
 

 Relator was charged in the Criminal District Court for the Parish of Orleans with attempted aggravated rape, was convicted of attempted simple rape and sentenced to 18 months at hard labor in the State Penitentiary. Prior to sentence, he filed a motion for a new trial in which he alleged, among other things, that the State did not introduce any evidence whatever to show that the offense was committed in the Parish of Orleans. This motion was overruled and relator reserved his Bill of Exceptions No. 5, making a part of the bill all of the testimony taken at the trial. The judge signed the bill but declined to order the court stenographer to transcribe his notes of all the testimony taken upon the trial and annex the transcribed testimony as part of the bill of exceptions. As a consequence, the evidence taken during the trial is not available to relator in this court on his appeal and he has petitioned us for relief.
 

 The report and transcription-of the proceedings in criminal cases for use on appeal to this court is governed by LSA-R.S. 15:555 (formerly Article 555 of the Code of Criminal Procedure), which grants the accused the right, if he chooses, to have all of the testimony reported and made part of the transcript, provided he pays for it. However, this statute is without application to trials in the Criminal District Court for the Parish of Orleans where official court reporters are appointed by each of the six judges at an annual salary. The duties of these court reporters are defined by LSA-R.S. 13:1373, subd. B to be as follows :
 

 “(1) Report in full the testimony taken in all preliminary examinations.
 

 “(2) Report in full all cases appeal-able to the judges of the criminal district court sitting as a court of appeals.
 

 “(3) Prepare, make up and furnish to the clerk of the criminal district court the transcript of the testimony taken in all cases appealed from judgments of the criminal district court to the judges of this court sitting as a court of appeals, and to the supreme court, as may be required by the clerk of the appropriate appellate court. The clerk of the criminal district court shall prepare, make up, and furnish the transcripts of appeals to the supreme court.
 

 “(4) Report the proceedings in the trial of all capital cases, and in felony cases where the punishment may be imprisonment at hard labor for term ex
 
 *92
 
 ceeding five years, but only when a written request is made therefor by the attorney for the defense or. the district attorney.
 

 “(5) Report the proceedings in cases triable by the judge without a jury wherein an appeal may be had to the supreme court, when- a written request is made ■ therefor by the attorney for the defense or the district attorney, and in such other proceedings as in the opinion of the court may be important and necessary.
 

 “(6) Report the evidence objected to in cases not otherwise required to be reported, whenever an objection shall be made and a bill of exceptions reserved, and to transcribe it in case of appeal.
 

 “(7) In all cases of appeal to the supreme court, furnish to the clerk of the criminal' district court three certified copies of the testimony taken and of the bills of exception to which the testimony shall have been annexed.”
 

 It is seen from the foregoing that the reporters of the Criminal District Court are obliged to report in full the testimony taken in all preliminary examinations, in all cases appealable to the appellate division of the Criminal District Court, in all capital cases, see State v. Buckner, 167 La. 330, 119 So. 67 and State v. Terrell, 175 La. 758, 144 So. 488, and the evidence, to which objection is made and a bill nf exceptions reserved, in cases not otherwise required to be reported. It also becomes their duty to report proceedings in all felony cases where punishment by imprisonment at hard labor for a term exceeding five years may be imposed and in matters wherein an appeal may be had to the Supreme Court, when a written request for the report is made by the defense or the district attorney. In addition, the statute prescribes, that these stenographers furnish the Clerk of the Criminal District Court with the transcript of testimony taken in all cases, appealed from judgments of the Criminal-District Court to its appellate division and to the Supreme Court. In the latter instances, the stenographers are required by paragraph (7) to furnish three certified" copies of the testimony and the bills of exceptions to which the testimony is annexed.
 
 [1]
 

 In the case at bar, it appears that, whereas relator did not make-a written request that the testimony taken at his trial, be reported as he unquestionably had the-right to do, the fact is that it was reported, (as stated by the judge in his return) in, accordance with an established custom in-all trials before the Criminal District Court-
 

 When the proceedings are reported and an appeal taken to this court, the statute makes it incumbent upon the stenographer
 
 *94
 
 to transcribe the testimony and deliver three certified copies of it to the clerk of the Criminal District Court. And the district judge has no alternative but to order his reporter to comply with the law.
 

 The reason given by the judge for refusing relator’s request is that, since relator failed to avail himself of his statutory right to have the testimony reported by making written request therefor, no duty rests upon the court stenographer to transcribe his shorthand notes and furnish the transcript to the clerk.
 

 This view, we think, does not take into account the provision of the statute making it the mandatory duty of the stenographer to transcribe his report of the proceeding when an appeal has been taken to this court. Since the stenographer, in conformity with custom, actually reported the proceeding, the failure of relator to request him to do so became of no importance whatever. Of course, by not making written request for a report of the proceeding at the beginning of the trial, relator took the chance that the stenographer might not report it and, in such a case, he would be remediless.
 

 In a brief filed by the district attorney in support of the action of the trial judge, it is contended that no useful purpose would he served by granting relator the relief sought because the question of venue is •one of fact into which this court is without' authority to inquire on appeal in a criminal case.
 

 The point is not tenable. It has been the jurisprudence of this court since State v. Moore, 1916, 140 La. 281, 72 So. 965, that, although the question of venue is one of fact, it is a matter not pertaining to the guilt or innocence of the accused which may be raised in limine and that there is no constitutional prohibition of the right of the trial judge or this court to decide the issue. Furthermore, it is equally well settled that, notwithstanding that the question of venue has been determined before trial by the judge, the prosecution still has the burden of proving to the satisfaction of the jury that the crime was committed within the jurisdiction of the court. See State v. Hart, 195 La. 184, 196 So. 62 and State v. International Paper Co., 201 La. 870, 10 So.2d 685. However, when this issue has been determined by the jury adversely to the accused, this court may not review the sufficiency of the proof on a motion for a new trial but it may always consider, when properly presented, whether there was any evidence at all submitted to the jury to establish venue as that is a fact essential to conviction. State v. Mattio, 212 La. 284, 31 So.2d 801; State v. McLean, 216 La. 670, 44 So.2d 698 and State v. Sawyer, 220 La. 932, 57 So.2d 899.
 

 For the foregoing reasons, it is ordered’ that the rule issued herein be made absolute and that respondent cause the stenographic notes of all the testimony in the proceedings against relator to be ’ transcribed and sent to this court as part of his Bill of Exceptions No. 5.
 

 [1]
 

 . The obvious reason for this provision is that LSA-R.S. 13:4439 exacts that the clerks of the district courts make the-transcripts of appeal to the Supreme. Court in triplicate.