73 So.2d 177

## STATE v. PATERNOSTRO.

### No. 41533.

April 26, 1954.

Rehearing Denied May 31, 1954.

See also 224 La. 87, 68 So.2d 767.

Matthew S. Braniff, Clarence O. Dupuy, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

PONDER, Justice.

The defendant was charged with attempted aggravated rape and on trial was convicted of attempted simple rape. He was sentenced to serve 18 months in the penitentiary and has appealed from the conviction and sentence, relying on three bills of exception.

One of the bills is levelled at the ruling of the trial judge permitting the State to examine a physician regarding the probability that prosecutrix might have been drugged prior to the offense. It is contended that counsel for the State did not mention the fact that the prosecutrix had been drugged in his opening statement and that therefore the evidence was inadmissible. It appears from the answer to the bill of particulars that the prosecutrix was asleep and unconscious for periods of time shortly prior to the commission of the offense. The district attorney in his opening statement, after referring to the prosecutrix' drinking a soft drink, stated that she became sick, dizzy and could hardly see..

The district attorney is not required to give in minute detail all of the evidence he intends to produce or the name of each witness he intends to place on the stand. State v. Pearson, 224 La. 393, 69 So.2d 512. It is sufficient for the district attorney to explain in his opening statement the nature of the charge and the purport of the evidence by which he expects. to establish same.

The two other exceptions are levelled at the failure of the district attorney to specifically prove that the house at 1546-48 Magazine Street is located in the Parish. of Orleans or, in other words, that the State had failed to prove the venue. The evidence indisputably shows that the offense was committed at that address and that it is located in the 12th Ward. The bill of information charges the defendant with committing the offense in the Parish; of Orleans and in answer to a bill of particulars it is alleged that the offense was: committed at 1546-48 Magazine Street.. An officer of the New Orleans Police Department testified that the prosecutrix pointed out to him this house on Magazine

.Street. There was other evidence and circumstances testified to that is not necessary here to repeat for the reason that defendant did not question the jurisdiction of the court and permitted the question of venue to be submitted to the jury and determined by them. The question of venue or jurisdiction in a criminal case may be determined by the judge on a special plea before the trial of the case but when no question of jurisdiction is raised by plea or otherwise the matter of jurisdiction is set at rest by the verdict of guilty. State v. Prudhomme, 171 La. 143, 129 So. 736.

 In the case under consideration the question of venue was not raised until after the verdict of the jury and then by a motion for a new trial and in a motion in arrest of judgment. Since the question was submitted to the jury it resolved itself to a question of fact.

It is well established that an accused has a right to have the question of jurisdiction tested before going to trial but when he does not see fit to question the jurisdiction of the court and submits the question of venue to the jury it becomes a question of fact and the sufficiency of the evidence relating to same cannot be inquired into on appeal. It is only where there is no evidence produced on the trial of a fact essential to a conviction that same may be inquired into. It is well established that the sufficiency of evidence regarding the guilt or innocence of accused will not be inquired into on appeal. State v. Sawyer, 220 La. 932, 57 So.2d 899; State v. Haddad, 221 La. 337, 59 So.2d 411. It would be only logical to conclude that this same rule should apply when the question of venue is submitted to the jury.

For the reasons assigned, the conviction and sentence are affirmed.