HAWTHORNE, Justice.
 

 Charged in a bill of information with the crime of negligent homicide as denounced by R.S. 14:32, Dr. Harry Heiman was tried, found guilty, and sentenced to serve 18 months at hard labor in the state penitentiary. On appeal he relies on four bills of exception and an alleged error patent on the face of the record.
 

 The charge of negligent homicide against Dr. Heiman followed the death at Charity Hospital of Mrs. Agnes Serpas, who was brought to the hospital in a state of shock on May 19, 1951. Earlier that day Dr. Heiman had delivered Mrs. Serpas of a child at her home. The basis of the State’s case against defendant is that he was criminally negligent in his care and treatment of Agnes Serpas and in the method he used in delivering the infant, and that Mrs. Serpas died as a result of this criminal negligence.
 

 • After, the bill- of information had been filed and the case allotted to Section C of the Criminal.District Court 'for trial, the
 
 *240
 
 State filed a motion to perpetúate the testimony of a material witness whose.departure was feared, and this testimony was duly taken before the judge who was to try the case and subsequently did so. During the trial the State attempted to- introduce this perpetuated testimony into evidence, but withdrew its offer. However, at the time the State offered the evidence, defendant moved for a mistrial, which was refused, and Bill of Exception No. 1 was reserved.
 

 The basis of this first bill is that the judge acted as a committing magistrate in taking this testimony before trial, and never regained his status as a judge of the Criminal District Court with power to try the defendant.
 

 Counsel for defendant submitted this first bill without argument in brief and before this court. This is understandable. A brief analysis of the theory of this bill shows it to be so completely lacking in merit as to appear indefensible. We know of no law which divests the court to which the case is allotted of jurisdiction to try the defendant simply because testimony has been taken before that court under the provisions of R.S. 15:157, 15:158, and 15:159, and counsel do not cite or call our attention to any such law. We shall therefore move on to a consideration of the remaining bills of exception without further comment.
 

 ' Bills of Exception Nos. 2 and 3 were, reserved to the overruling of a motion and a supplemental motion for a new trial. In these, motions .defendant alleges that the ■verdict returned by the jury was contrary •to the law an'd the 'evidence for the following reasons:
 

 (1) There was no evidence whatsoever offered on the trial of the case to prove defendant’s guilt of the offense charged;
 

 (2) The State failed to prove that the offense happened within the territorial jurisdiction of the court;
 

 (3) The jury returned its verdict in 20 or 25 minutes after a lengthy six-day trial, and this indicates that the jury did not give careful and deliberate consideration to the evidence heard and the charge delivered by the court;
 

 (4) The State failed to prove the element of criminal negligence beyond a reasonable doubt;
 

 (5) Certain statements and arguments made by the district attorney during the course of the trial were incorrect and prejudicial to the defendant;
 

 (6) The testimony of one of the State’s witnesses was false and unworthy of beliefj in that his testimony was contradicted by that of defendant and another witness who testified during the trial;
 

 (7) The ends of justice would be served by granting defendant a new trial.
 

 It is elementary that this court cannot review the evidence in a criminal, case, or pass upon, its 'sufficiency, unless there is no. evidence, at. all. to .support the crime
 
 *242
 
 charged or an essential element of that crime. La.Const. of 1921, Art. 7, § 10; State v. McDonell, 208 La. 602, 23 So.2d 230, and cases there cited.
 

 Defendant’s first reason urged as ground for a new trial is that in the instant case there was no evidence at all to support either the crime of negligent homicide or the two essential elements of the crime, criminal negligence and death resulting from this negligence. Counsel are in error when they state there was no evidence at all to support the crime charged or its essential elements. On the contrary, during the trial of the case there was probative testimony given by laymen and individuals who were present at the time the baby was delivered, by an interne who saw the deceased at her home shortly after the birth of the. child, by specialists in obstetrics and gynecology who examined her shortly afterwards at Charity Hospital and operated on her in a vain attempt to save her life, and by the head of the Department of Obstetrics of the Tulane Medical School who testified as an expert witness: According to the testimony of these medical witnesses, the cause of the patient’s death was shock due to loss of blood caused by traumatic injury to the uterus, and they testified that the defendant’s'manner of delivering the infant and'his care and treatment of the deceased showed such a disregard of the interest of his patient that his treatment of her amounted to a gross deviation'below the standards of care expected of any reasonably careful doctor under like circumstances.
 

 Defendant also contends that he is entitled to a new trial because the State .failed to prove that the offense happened in the territorial jurisdiction of the court. The question of venue or jurisdiction was not raised in this case until after the verdict of the jury, and was only raised then by means of a supplemental motion for a new trial. Under the well-established jurisprudence of this state, the accused in a criminal case has a right to have the question of jurisdiction tested before going to trial. Where he does not see fit to question the jurisdiction of the court in limine, however, and leaves the question of venue to the jury, it becomes a question of fact, and is therefore governed by the rules set out above. State v. Paternostro, 224 La. 87, 68 So.2d 767; Id., 225 La. 369, 73 So.2d 177, and authorities therein cited. In the instant case there is evidence in the record to show that the offense happened within the jurisdiction of the trial court, and therefore this contention presents only a question of fact which we cannot review on appeal.
 

 The third and fourth reasons urged by defendant in his motion for a new trial likewise do not present questions of law. ■Under Article 516 of the Code of Criminal Procedure, neither the appellate nor the supervisory jurisdiction of the Supreme Court can be invoked to review the grant
 
 *244
 
 ing or the refusal to grant a new trial except for error of law.
 

 With reference to-'the allegedly incorrect and prejudicial statements and argument made by the district attorney during the course of the trial on which defendant relies as his fifth point in his motion for a new trial, the trial judge informs us in his per curiam that defendant failed to object to this argument or these statements. Since the defendant failed to object and reserve a bill of exception, this allegation of prejudice in his motion for a new trial presents nothing for us to review. State v. Henry, 200 La. 875, 9 So.2d 215, and cases there cited.
 

 The sixth reason urged by defendant in his motion for a new trial likewise does not present a question of law. It concerns only the weight of the evidence and the credibility of the witnesses who testified before the jury during the trial. It is well established that the jury is the sole judge of these matters.
 

 Finally defendant argues that the ends of justice would be served by granting him a new trial. Under our jurisprudence the granting of a new trial solely on the allegation that the ends of justice would be served thereby is in the sound discretion of the trial judge and presents nothing for review by this court. See Art. 516, Code of Criminal Procedure. State v. Willson, 215 La. 507, 41 So.2d 69.
 

 Bill of Exception No. 4 was reserved to' the overruling of defendant’s motion in arrest of judgment. This motion presents no' issue which was not raised by the- defendant in the other bills already discussed.
 

 In brief in this court defendant contends; that the bill of information in the instant case, drawn in the short form authorized by R.S. 15 :235, does not charge him with any crime denounced by a statute of this state, in that the bill of information charges that the defendant “negligently killed one Agnes Serpas”, and should have charged that the defendant “killed one Agnes Serpas by criminal negligence”, and that the information does not apprise him of the nature of the charge against him.
 

 Defendant did not file a demurrer or motion to quash the bill of information, but argues that the alleged error in the information is one patent on the face of the record and for this reason can be considered by this court although raised' for the first time in brief. Even though we should consider this contention to be one that it was not necessary to raise by demurrer or motion to quash, then this contention is fully answered by this court in State v. Ward, 208 La. 56, 22 So.2d 740. In that case this court had occasion to consider the sufficiency of an information for negligent homicide drawn in the short form set out in Article 235 of the Code of Criminal Procedure, and held that it met every test laid down by this court to determine the sufficiency of an indictment or information, and
 
 *246
 
 ■that it adequately informed the accused-of ■the offense with which he was charged; The holding in the Ward cáse is controlling There. ' •
 

 The conviction and sentence are affirmed.