SANDERS, Justice.
 

 This is a criminal proceeding. The defendant, Earl Richard, was convicted of having under his control, transporting, and attempting to conceal marijuana, a narcotic drug, in violation of LSA-R.S. 40:961-40 :- 984, the Uniform Narcotic Drug Law. The court sentenced him to imprisonment for five years in The Louisiana State Penitentiary. He has appealed to this Court, relying upon eight bills of exception.
 

 The factual background of the case may be briefly stated. On September 28, 1962, Earl Richard, Lionel J. Richard, and Mrs. Deanna Fontenot motored from Opelousas to Ville Platte, Louisiana. On the return trip to Opelousas, the automobile, driven by Lionel J. Richard, was involved in a collision with another vehicle on U. S. Highway 167. Law enforcement officers found a “cigarette” and two bottles of “pills” at the scene of the accident. An analysis disclosed that the cigarette was marijuana and that the pills were barbiturates. Further investigation resulted in the joint indictment of Earl Richard and Lionel J. Richard for a violation of the Uniform Narcotic Drug Law.
 

 The indictment charged:
 

 “That Earl Richard and Lionel J. Richard, on or about September 28, 1962, within the Parish of St. Landry, Louisiana, did unlawfully transport, possess, conceal and have under their contrQl, marijuana, a narcotic drug.”
 

 Among other pleadings, the defendants filed motions for a Bill of Particulars and to quash the indictment. The defendants sought to quash the indictment on the grounds that it was fatally defective and that the Uniform Narcotic Drug Law was unconstitutional. In response to the defense motion for a Bill of Particulars, the state filed an answer giving the details of the offense charged. The court overruled the motion to quash the indictment. After trial, both defendants were convicted and sentenced. The defendant, Earl Richard, has appealed. Thirteen bills of exception were perfected. However, Bills 3, 4, S, 6, and 10 were not briefed or argued in this Court. They are presumed to have been abandoned.
 
 [1]
 

 Bill of Exception No. 1 was reserved to the overruling of the motion to quash the indictment on the ground that it is fatally defective. The motion alleges that the indictment does not set forth the facts and circumstances constituting the offense as required by LSA-R.S. 15:227; that, as written, the indictment is too vague and indefinite to support a plea of former jeopardy
 
 *472
 
 or to properly inform the defendant of the charge against him; hence, it is violative of both the federal and state constitutions. Finally, by supplemental brief filed in this Court, the defendant urges for the first time that the motion to quash should be sustained on the ground that the indictment is duplicitous.
 

 LSA-R.S. 15:227 provides:
 

 “The indictment must state every fact and circumstance necessary to constitute the offense, but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally conveying the meaning of the statute, be used.”
 

 The statute on which the instant indictment is based, LSA-R.S. 40:962, provides in part:
 

 “A. It is unlawful for any person to manufacture, possess, have under his control, sell, give, deliver, .transport, prescribe, administer, dispense, or compound any narcotic drug, except as provided in this Sub-part, or to be or become an addict as defined in R.S. 40:-961.
 

 * * * * * ' *
 

 “C. It is unlawful (1) to transport, carry, or convey any narcotic drugs, as defined in R.S. 40:961 in, upon, or by means of any vessel, vehicle, or aircraft; (2) to conceal or possess any narcotic drugs, as defined in R.S. 40:-961 or in or upon any vessel, vehicle, or aircraft; or (3) to use any vessel, vehicle, or aircraft to facilitate the transportation,. carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any narcotic drugs, as defined in R.S. 40:961.”
 

 The statute describes the offense in specific language, rather than in general or generic terms. The indictment follows the language of the statute. Hence, it is legally sufficient.
 
 [2]
 

 In State v. Peltier, 229 La. 745, 86 So.2d 693, this Court sustained a bill of information couched in language similar to that of the present indictment. Therein, we stated :
 

 “The bill of information here is couched in the language of the statute and therefore sets forth, and it informs the accused of, the essential elements of the crime charged.”
 

 Raised for the first time by supplemental brief in this Court is the com
 
 *474
 
 plaint that the indictment is duplicitous. The objection is not timely. It cannot be urged after the jury has been sworn.
 
 [3]
 

 We conclude that Bill of Exception No. 1 L without merit.
 

 Bill of Exception No. 2 was reserved to the overruling by the trial judge of a motion to quash the indictment on the 'ground that Section 962 of the Uniform Narcotic Drug Law is unconstitutional. Defendant alleges, firstly, that the statute is so vague and indefinite that it does not establish an-ascertainable standard of criminality. Defendant points to the failure of the statute to define the words, “transport”, “possess”, “have under his control”, and “conceal.” Additionally, defendant alleges that the statute is an unreasonable exercise of the police power because prescription-dispensed drugs are not exempted from the statute’s criminal sanctions.
 

 The Uniform Narcotic Drug Law has withstood previous attacks on its constitutionality. See State v. Bonoa, 172 La. 955, 136 So. 15; State v. Shotts, 207 La. 898, 22 So.2d 209; and State v. Martin, 192 La. 704, 189 So. 109.
 

 The undefined words, of which complaint is made, have a well known and commonly understood meaning. In our opinion, the statute defines the crime with sufficient precision to give a person of ordinary intelligence fair notice as to what conduct is criminal. Hence, it is not unconstitutionally vague or indefinite.
 
 [4]
 

 We find that the statute does make provision for the good faith acquisition of narcotic drugs under a medical prescription in LSA-R.S. 40:966, subd. A. ■Defendant’s complaint in this regard is therefore unfounded. Moreover, the control and regulation of narcotic drugs are within the police power of the state.
 
 [5]
 

 Inasmuch as we find no infirmity in the statute, Bill of Exception No. 2 is rejected.
 

 Bill of Exception No. 7 was reserved to the overruling of the defense objection to the testimony of Mrs. Deanna Fontenot concerning the purchase of barbiturates by her while at Ville Platte on the trip with Earl Richard and Lionel J. Richard. The testimony connected the defend-ant, Earl Richard, with the purchase.
 

 The defendant was charged with possession and transportation of marijuana. Two .bottles of barbiturates were found at the scene of the accident with the marijuana. Possession of barbiturates is prohibited, except under special circumstances, by the
 
 *476
 
 Barbiturate and Central Nervous System Stimulant Law. See LSA-R.S. 40:1031 et seq.
 

 The testimony offered provides an explanation of the acquisition of the barbiturates found at the scene of the accident. The purchase occurred on the short motor trip during which the marijuana is alleged to have been transported. The circumstances of the purchase are suggestive of a violation of the law relating to barbiturates. In our opinion, the purchase of the barbiturates forms part of the res gestae. Thus, the evidence is admissible although it tends to disclose an offense other than that charged. It is’ well settled that evidence of a crime other than that charged is admissible when the crimes are closely linked and the other crime forms part of the res gestae.
 
 [6]
 

 Bill of Exception No. 7 is without merit.
 

 Bill of Exception No. 8 was reserved when the trial judge overruled a defense objection to the testimony of Deputy Sheriff Bill Soileau that he found several barbiturate pills in the possession of the defendant when he arrested him on a vagrancy charge during the day following the automobile accident.
 

 The testimony, of course, relates to the offense of the unlawful possession of barbiturates. As we view it, the offense is similar to the one charged. Guilty knowledge is an essential ingredient of the crime of possessing, transporting, and concealing narcotic drugs.
 
 [7]
 
 Thus, the evidence was admissible to show guilty knowledge and to rebut any inference that the crime charged was committed by accident or mistake.
 
 [8]
 

 Bills of Exception Nos. 9 and 11 were reserved to the overruling of a motion for a directed verdict of acquittal on the ground that the state produced “no evidence” that the offense was committed in St. Landry Parish. The same proposition was reurged in a motion for a new trial to which Bill of Exception No. 12 was reserved.
 

 A motion for a directed verdict does not lie in a felony prosecution.
 
 [9]
 
 We cannot consider it here. However, the identical question has been raised by motion for a new trial. Hence, the question is properly before us.
 

 In State v. Paternostro, 225 La. 369, 73 So.2d 177, we stated:
 

 “It is well established that an accused has a right to have the question
 
 *478
 
 of jurisdiction tested before going to trial but when he does not see fit to question the jurisdiction of the court and submits the question of venue to the jury it becomes a question of fact and the sufficiency of the evidence relating to same cannot be inquired into on appeal. It is only where there is no evidence produced on the trial of a fact essential to a conviction that same may be inquired into. It is well established that the sufficiency of evidence regarding the guilt or innocence of accused will not be inquired into on appeal. State v. Sawyer, 220 La. 932, 57 So.2d 899; State v. Haddad, 221 La. 337, 59 So.2d 411. It would be only logical to conclude that this same rule should apply when the question of venue is submitted to the jury.”
 

 The question, thus limited, is whether there is any evidence in the record that the offense occurred in St. Landry Parish. We are not here concerned with its sufficiency, for this Court does not weigh the evidence.
 

 The record establishes that the automobile accident occurred on U.S. Highway 167, which connects Opelousas in St. Landry Parish with Ville Platte in Evangeline Parish. It also discloses that the narcotic cigarette was discovered at the scene of the accident.
 

 Anna Lou Brown, a witness for the state, testified on direct examination:
 

 “Q. Where do you live?
 

 “A. In Plaisance.
 

 “Q. Now, in reference to Mr. Armas Sylvester’s store do you know where that is?
 

 “A. Uh, Huh, it’s right next to the house.
 

 “Q.
 
 How far do you live from the store ?
 

 “A. Well, it is between the store and the Wagon Wheel.
 

 “Q. In other words, you live east, on this side of the store?
 

 “A. Yes.
 

 “Q. Do you live on the north or south side of the road?
 

 “A. On the South.
 

 “Q. Do you recall the accident that happened near your home on September, the 28th?
 

 “A.
 
 Yes, sir.
 

 ******
 

 “A.
 
 We were on the front porch of our home.
 

 “Q.
 
 Of your house?
 

 “A. Uh, huh.
 

 
 *480
 
 “Q. And how far from the scene of the accident was that, just approximately ?
 

 “A. I can’t — I don’t know — I can’t say.
 

 “Q. Can you point out anything in this courtroom? — the distance?
 

 “A. From here to the door over there, I guess. (Let the record show that the witness indicates the back wall.)”
 

 Mr. Lee L. Dupre, another state witness, testified
 

 “Q. Where do you live, Mr. Dupre?
 

 “A. Plaisance,
 

 “Q.
 
 Do you know Miss Anna Lou Brown?
 

 “A. Yes.
 

 “Q. In reference to her house, where do you live? How close to her do you live?
 

 “A.
 
 How close? Anna Lou Brown?
 

 “Q. Yes.
 

 “A. Just on the other side of the road.
 

 “Q. Across the road?
 

 “A. Yes, sir.
 

 “Q. Were you home when this accident happened on the 28th?
 

 “A. Yes.”
 

 The testimony is quite clear that the accident occurred at Plaisance. Plaisance is a well known geographical place-name, appearing in St. Landry Parish on standard maps of Louisiana.
 
 [10]
 
 It is well settled that the court or jury can take judicial notice of geographical facts.
 
 [11]
 
 We conclude that there is some evidence in the record that the offense occurred in St. Landry Parish.
 

 Accordingly, the contention is without merit.
 

 Bills of Exception Nos. 12 and 13 were reserved to the overruling of motions in arrest of judgment and for a new trial. We have previously rejected the contention that tlie record contained no evidence that the offense occurred in St. Landry Parish. The motions also reurge contentions made in previous bills of exception, which we have heretofore considered. These motions present nothing further for review.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 [1]
 

 . See State v. Bonoa, 172 La. 955, 136 So. 15 and the authorities therein cited.
 

 [2]
 

 . Art. I, Sect. 10, Louisiana Constitution LSA; State v. Peltier, 229 La. 745, 86 So.2d 693. See also State v. Kaufman, 234 La. 673, 101. So.2d 197; State v. Dartez, 230 La. 492, 89 So.2d 48; and State v. Beigert, 227 La. 1100, 81 So.2d 410.
 

 [3]
 

 . LSA-R.S. 15:221; State v. Blankenship, 231 La. 993, 93 So.2d 533.
 

 [4]
 

 . See Connally v. General Construction Company, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322; State v. Roth, 226 La. 1, 74 So.2d 392; and State v. Saibold, 213 La. 415, 34 So.2d 909.
 

 [5]
 

 . State v. Martin, 192 La. 704, 189 So. 109.
 

 [6]
 

 . LSA-R.S. 15:447; State v. Palmer, 227 La. 691, 80 So.2d 374; State v. Jugger, 217 La. 687, 47 So.2d 46; State v. Sears, 217 La. 47, 46 So.2d 34.
 

 [7]
 

 . State v. Maney, 242 La. 223, 135 So.2d 473; State v. Johnson, 228 La. 317, 82 So.2d 24.
 

 [8]
 

 . LSA-R.S. 15:446; State v. Johnson, 228 La. 317, 82 So.2d 24; State v. Haddad, 221 La. 337, 59 So.2d 411.
 

 [9]
 

 . LSA-R.S. 15:402.1; State v. Cade, 244 La. 534, 153 So.2d 382. See also State v. Gatlin, 241 La. 321, 129 So.2d 4.
 

 [10]
 

 . See, e. g., Rand McNally’s Commercial Atlas and Marketing Guide (94th ed., 1963), pp. 190, 191.
 

 [11]
 

 . Whitney v. Gauche, 11 La.Ann. 432; McIntosh v. Gastenhofer, 2 Rob. 403; 2 Marr’s Criminal Jurisprudence, § 529, p. 811.