It seems to me that there is no provision for an appeal in this case, and we ought to dismiss the appeal.

255 So.2d 745

**STATE of Louisiana**

**v.**

**C. L. DILLON.**

**No. 51114.**

Dec. 13, 1971.

Samuel H. Collins, Barry F. Viosca, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

TATE, Justice.

The defendant was convicted of armed robbery and sentenced to 25 years in the state penitentiary. La.R.S. 14:64. In urging reversal on appeal, he relies upon five perfected bills of exceptions.

*Bills of Exceptions Nos. 1, 2, and 3.*

In the State's opening statement, the prosecuting attorney did not specifically state that the crime, otherwise properly described, was committed in Orleans Parish, the parish of proper venue.

Based upon this omission, the defendant contends that no evidence of proper venue could be admitted at the trial. He moved for a directed verdict immediately following the opening statement. He also objected to testimony that the site of the crime was in Orleans Parish, on the ground that it did not fall within the scope of the State's opening statement, La.C.Cr.P. Art. 769. The defendant reserved Bills Nos. 1–3 to the trial court's overruling his motion and objections.

However, by its opening statement, the State is only required to explain "the *nature* of the charge, and [to] set forth, in general terms, the *nature* of the evidence by which the state expects to prove the charge." La. C.Cr.P. Art. 766. (Italics ours.) The dis-

trict attorney's opening statement is designed only to afford the jury a general acquaintance with the case to enable it to understand the testimony to be introduced. State v. Kreller, 255 La. 982, 233 So.2d 906 (1970).

Such an opening statement, describing the "nature" of the charge and the evidence, is not required to note the location of the crime, especially where, as here, there was no dispute as to this fact. Such being so, we need not discuss the additional circumstances (a) that the bill of information, which was read to the jury before the opening statement as required by La.C.Cr.P. Art. 765(2), stated that the crime was committed in Orleans Parish, nor (b) that the opening statement might be considered as conveying the information of parish-venue by stating the robbery occurred at the corner of Clio and Baronne, which a New Orleans jury might reasonably be expected to know was in that city (i. e., in Orleans Parish).

Of course, improper venue may be raised by a motion to quash prior to the trial. Even if such be overruled, the state retains its burden at the trial of proving proper venue beyond a reasonable doubt. La.C.Cr. P. Art. 615. (The defendant is guaranteed by our state constitution the right to be tried at the proper venue, usually the parish where the crime was committed. La.Const. Art. I, Section 9 (as amended in 1962). See also La.C.Cr.P. Art. 611.)

The courts may not weigh for sufficiency the evidence as to venue before the jury, when the jury has determined this adversely to the defendant by convicting. Nevertheless, upon motion for a new trial, the court may grant appropriate relief if there was no evidence whatsoever before the jury as to the proper venue. State v. Richard, 245 La. 465, 158 So.2d 828 (1963); [1] State v. Paternostro, 224 La. 87, 68 So.2d 767 (1953).

Here, however, the evidence plainly and without contradiction shows that the crime for which the defendant was convicted was committed in the Parish of Orleans, where the trial took place.

There is no merit to these bills.

*Bill of Exceptions No. 4.*

▬▬▬ The defendant objected to the admission into evidence of a ski-cap and of a pre-trial written statement [2] by the victim of robbery. The only ground asserted for this objection is that these exhibits were allegedly in conflict with the witness's testimony at the trial (i. e., insofar as iden-

---

1. The cited *Richard* case notes that the question cannot be raised in a felony case by a motion for a directed verdict. See also State v. Williams, 258 La. 801, 248 So.2d 295 (1971).

2. The statement was introduced as evidence corroborating this prosecution witness's trial testimony, attacked as incorrect by the defendant. La.R.S. 15:496. No contention is made that this basis for admission was not correct.

tifying the color of the hat or whether the defendant had worn it of the two men robbing him).

Apparently the thrust of the defendant's contention is that the ski-cap, identified at the trial by the victim as that worn by his robber, should not have been admitted because of discrepancies in his statements before and at the trial. This contention is based on State v. Foret, 196 La. 675, 200 So. 1 (1941), where a conviction was reversed because of the prejudice resulting from introduction into evidence of a physical object never connected with the crime.

Here, however, the victim's testimony identified the ski-cap as that worn by the defendant at the time of the robbery. Connexity is a matter for the jury to decide, so long as the objects introduced are shown to the satisfaction of the trial judge to have some relevance, i. e., some logical or rational connection with fact sought to be proved. State v. Wright, 254 La. 521, 225 So.2d 201 (1969); State v. Stokes, 250 La. 277, 195 So.2d 267 (1967).

Considering the limited nature of the objection to admission (that the cap was not sufficiently identified as connected, because of conflicts in the witness's statements), we find no merit to this bill.

*Bills of Exceptions No. 5.*

■ The final bill was perfected as to the trial court's denial of a motion for a new trial. The motion simply moved for a new trial, without alleging any reason. It presents nothing for review. See State v. Ponthieux, 254 La. 482, 224 So.2d 462 (1969).

*Other Errors Alleged in Brief.*

In the brief on appeal, the defendant for the first time complains of the improper admission into evidence of a money-changer and a line-up identification testimony. No objection was made at the time the evidence was admitted, and no bill of exceptions was reserved or perfected concerning these alleged errors. Such alleged errors cannot be considered, when raised for the first time after the verdict. La.C.Cr.P. Art. 841.

■ The defendant further suggests, as error discoverable from a review of the pleadings and proceedings, La.C.Cr. Art. 920, that the jury verdict was not unanimous, as permitted by state law for non-capital felonies. La.Const. Art. VII, Section 41; La.C.Cr.P. Art. 782. We have consistently rejected the contention that this procedure offends any federal constitutional guarantee. See, e. g., State v. Jones, 257 La. 966, 244 So.2d 849 (1971).

*Decree*

Finding no error, we affirm the conviction and sentence.

Affirmed.

DIXON, J., takes no part.