277 So.2d 146 (1973)
STATE of Louisiana
v.
Tommy A. GUILLOT.
No. 53118.
Supreme Court of Louisiana.
May 7, 1973.
*147 Neblett, Fuhrer & Broussard, Leonard Fuhrer, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Jack E. Yelverton, Asst. Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, Tommy A. Guillot, was tried by a jury and found guilty of negligent homicide. He was sentenced to serve one year in the Avoyelles Parish Jail. (LSA-R.S. 14:32). Defendant reserved fifteen bills of exceptions during the proceedings below. On this appeal, defendant has urged only seven bills for our consideration.
We find merit in Bill of Exceptions No. 10 and grant a new trial.
Bill of Exceptions No. 10 was reserved in connection with the cross-examination of a defense witness named Paul Firman. Mr. Firman testified that he had been painting in the vicinity of the accident and observed defendant immediately after the accident. He testified on direct examination that defendant appeared perfectly normal following the accident and that he gave no appearance of intoxication.
On cross-examination, he was asked by the prosecutor several questions about whether he had previously seen the defendant drunk. The prosecutor then asked:
"Do you know whether or not . . . or rather, don't you know that he was involved in an accident when he was drunk about three or four weeks ago?"
Defense counsel promptly objected and the trial judge sustained the objection. Defense counsel then moved for a mistrial, which the trial court denied. Bill of Exceptions No. 10 was then reserved by defendant.
The trial judge admonished the jury, "the jury will be instructed to disregard that question or inference of an answer." In his Per Curiam, the trial judge stated that he felt this admonition, together with the general jury instruction to the effect that evidence excluded by objections should not be considered, were sufficient to cure the error committed by the Assistant District Attorney.
Defense counsel relies upon Article 770 of the Code of Criminal Procedure in urging that the remark of the Assistant District Attorney was mandatory grounds for a mistrial. Article 770 provides, in pertinent part:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
. . . . . .
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
. . . . . .
"An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
The State argues that the prompt admonition by the trial court was sufficient to cure any prejudice resulting from the remark of the Assistant District Attorney. The defendant, however, contends that, because *148 of the reference to the other crime, a mistrial is mandatory under the above Article.
Code of Criminal Procedure Article 771 provides that an admonition to the jury when a possibly prejudicial comment is made by the district attorney, "and the remark is not within the scope of Article 770" will be sufficient.
Since the language of Article 770 is mandatory, and since Article 771 is applicable only if the remark complained of is not within the scope of Article 770, we must consider first whether Article 770 is applicable to the remark made by the Assistant District Attorney.
In order to find reversible error in the refusal of the trial court to grant a mistrial, we must first find that the remark of the Assistant District Attorney refers directly or indirectly to another crime alleged to have been committed by the defendant; and secondly, that evidence as to that crime is inadmissible in the instant prosecution.
The question posed to the witness was not purely interrogative. It included an assertion by the Assistant District Attorney that the defendant, while drunk, had been involved in an automobile accident about three weeks before the trial.
There can be no dispute that driving while intoxicated is a crime in Louisiana. LSA-R.S. 14:98 prohibits such conduct and provides criminal penalties of up to thirty years imprisonment at hard labor for a repeated offender.
We must therefore determine whether evidence as to this prior criminal conduct would be admissible in the instant prosecution. Under LSA-R.S. 15:446, evidence of prior crimes committed by the defendant is admissible to show knowledge, intent or system.
In this case, the offense charged was negligent homicide in violation of LSA-R.S. 14:32. Intent forms no element of negligent homicide. Therefore, evidence tending to show intent is irrelevant. Guilty knowledge and system is also irrelevant in negligent homicide based on drunk driving.
We conclude that evidence of the prior drunk driving incident was inadmissible in the instant prosecution. Therefore, Code of Criminal Procedure Article 770 applies to the District Attorney's remark referring to the previous crime.
The State relies upon State v. Maney, 242 La. 223, 135 So.2d 473 (1961) and State v. Graves, 259 La. 526, 250 So.2d 727 (1971). The cases relied upon are distinguishable. In State v. Maney, supra, the State propounded the following general question to the defendant: "Has he ever had occasion previously to arrest you for anything?" After objection and before the defendant answered, the State withdrew the question and the trial judge instructed the jury to disregard it. The question was purely interrogative and made no reference to a previous crime.
In State v. Graves, supra, the State had introduced a .22 caliber pistol in evidence as the murder weapon. The pistol belonged to a third person at whose residence the defendant lived. In offering the .22 caliber bullets in evidence, the District Attorney stated that the evidence established that the bullets came from the same residence. It was, of course, necessary to lay a foundation for admission. The reference was to that evidence.
We hold, therefore, that the mistrial was mandatory.
Although we remand for a new trial, we must pass upon a basic issue raised by the motion in arrest of judgment and motion for new trial, that is, the constitutional adequacy of the short-form indictment for negligent homicide set forth in Article 465 of the Louisiana Code of Criminal Procedure. (Bills of Exceptions Nos. 13, 14 and 15). That Article provides that *149 the following form may be used: "A. B. negligently killed C. D." The form was strictly followed in the present case.
Specifically, defendant complains that the failure of the form to mention the criminal nature of the negligence renders it deficient, in that it fails to give adequate notice of the nature of the crime.
This Court has upheld the adequacy of the form in numerous cases. See, e. g., State v. Scheler, 243 La. 443, 144 So.2d 389 (1962); State v. Coleman, 236 La. 629, 108 So.2d 534 (1959); State v. Heiman, 227 La. 235, 79 So.2d 78 (1955); State v. Ward, 208 La. 56, 22 So.2d 740 (1945).
In rejecting a similar contention in State v. Scheler, supra, this Court stated:
"But counsel for the accused urges still another objection. It is that the indictment in this case did not charge that the accused `criminally, negligently killed', it simply charged that he `negligently killed' the victim. Hence, he continues, a serious handicap to a proper defense is thereby presented, for when a jury is informed that the accused `negligently' killed someone, it becomes most difficult to explain the meaning of criminal negligence. That alleged difficulty is provided a vehicle by which it can be clarified and which is embodied in the definition which the law supplies for criminal negligence. That definition, contained in Article 12 of the Louisiana Criminal Code, LSA-R.S. 14:12 is as follows:
"`Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.'
"This definition is available for instructions to the jury, and is to be read in connection with Article 32 of the Louisiana Criminal Code, LSA-R.S. 14:32, which defines the crime, and makes criminal negligence an essential element thereof. It is difficult to perceive that a handicap to the defense exists under these circumstances. Nevertheless both the Ward case and Heiman case already referred to, have decided adversely to this contention, and those cases are controlling here.
"Sufficient information is contained within the indictment, therefore, to enable the accused properly to defend himself; to enable the trial judge to regulate the trial; and to serve as a basis for a plea of former jeopardy.
"We have not been convinced of any error in our decisions in State v. Ward, 208 La. 56, 22 So.2d 740 and State v. Heiman, 227 La. 235, 79 So.2d 78. The conclusion follows, therefore, that the requirements of Article I, Section 10 of the constitution and the provisions of LSA-R.S. 15:227 are satisfied, and the use in this case of the short form indictment authorized by LSA-R.S. 15:235 is not violative of the constitution."
We again hold that the short form indictment for negligent homicide set forth in Article 465, LSA-C.C.Cr.P. is legally sufficient, reaffirming the prior jurisprudence.
For the reasons assigned, the conviction and sentence are annulled and set aside and the case is remanded for a new trial.
BARHAM, J., concurs in decree only.
CALOGERO, J., concurs with reasons.
CALOGERO, Justice (concurring).
I agree with the majority in finding that Bill of Exceptions No. 10 presents prejudicial error requiring a remand of this case for a new trial. However, because I entertain *150 reservations as to the adequacy of the bill of information charging negligent homicide, I must concur in the opinion only insofar as Bill of Exception No. 10 is concerned.