308 So.2d 265 (1975)
STATE of Louisiana
v.
Rayfield JACKSON, Jr.
No. 55359.
Supreme Court of Louisiana.
February 24, 1975.
*266 W. Glenn Soileau, Ville Platte, for defendant-appellant.
*267 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. William Pucheu, Dist. Atty., A. Bruce Rozas, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Defendant, Rayfield Jackson, Jr., was indicted by the grand jury of Evangeline Parish for the murder of Joseph Isom Ardoin. He was tried by jury, found guilty and later sentenced to life imprisonment at hard labor. Defendant reserved a number of bills of exceptions during the course of the trial; however, in brief to this court, he specifically abandons all bills except Bills of Exceptions Nos. 2, 3 and 5. He relies upon three specifications of error urged in these bills for reversal of his conviction and sentence.

SPECIFICATION OF ERROR NO. 1.
While Mr. Guillory, a part-time jailer, was being excused on a challenge for cause by defendant, the trial judge remarked:
Not to over extend this matter. A jailer involved in the very jail where these defendants have been, I think would, there would be problems and he would also be their jailer after this trial so you are excused and thank you very much, Mr. Guillory. Gentlemen, we are not doing as well as we were yesterday. We will take a brief recess.
The eight jurors already selected and the prospective jurors were removed from the courtroom. Defendant moved for a mistrial based on the contention that the aforesaid remark by the trial judge constituted a comment on the evidence, as well as an expression reflecting on the outcome of the trial. A bill was reserved to the trial judge's denial of the motion (Bill of Exceptions No. 2). The trial judge was satisfied that an admonition would be sufficient under the circumstances and, in fact, offered to properly admonish the jury. However, same was not given at defendant's request, to which the state agreed.
First, we do not view the remark as a comment on the facts or evidence.
No evidence had as yet been presented. The remark in question was simply the reason given by the trial judge for sustaining the challenge for cause. We do not consider it improper for the trial judge to make remarks in the presence of jurors and/or prospective jurors during voir dire examination giving his reasons for ruling on a challenge for cause, provided the remarks do not improperly prejudice the accused. Cf. State v. Fallon, 290 So.2d 273 (La.1974). While the judge is prohibited from commenting on the facts or evidence, La.Code Crim.P. arts. 772, 806 (1966), the court has the right to examine prospective jurors, id., art. 786, and may disqualify a prospective petit juror from service in a particular case when, for any reason, doubt exists as to the competency of the prospective juror to serve in the case, id., art. 787. Likewise, the court must rule on challenges for cause during voir dire examination. Hence, we find no error here.
In any event, the remark did not relate either directly or indirectly to one of the grounds listed in Louisiana Code of Criminal Procedure article 770 which would make an admonition not sufficient to prevent a mistrial. At most, it would constitute a remark under Louisiana Code of Criminal Procedure article 771. The trial judge considered, and we agree, that an admonition to the jury would have been sufficient under the circumstances. No admonition was given by the court specifically by request of defendant. Accordingly, defendant has no cause to complain.
Specification of Error No. 1 is without merit.

SPECIFICATION OF ERROR NO. 2.
After the jury had retired, defendant moved for a mistrial on the ground that "no evidence of venue" had been presented by the state. This bill was reserved to the trial judge's denial of the motion (Bill of Exceptions No. 5). The motion was, in essence, a motion for a directed verdict of acquittal. This court has previously held that the question of venue cannot be raised by a motion for directed *268 verdict in felony cases. State v. Richard, 245 La. 465, 158 So.2d 828 (1963); State v. Dillon, 260 La. 215, 255 So.2d 745 (1971). However, in view of our recent decision in State v. Douglas, 278 So.2d 485 (La.1973) permitting a trial judge to direct a verdict of acquittal in a jury trial where there is no evidence of a crime or an essential element, we conclude that the question of venue is properly presented to the trial judge by a motion for directed verdict where it is alleged that no evidence of venue has been presented by the state.
The question of venue may be raised by motion to quash, and, in such case, the motion shall be tried by the judge alone. Even if the issue of venue has been passed upon by the judge prior to trial, the state on trial shall have the burden of proving proper venue beyond a reasonable doubt. La.Code Crim.P. art. 615 (1966). However, when the issue has been determined by the jury adversely to the accused, this court may not review the sufficiency of the proof, but may always consider, when properly presented, whether there was any evidence at all submitted to the jury to establish venue, as that is a fact essential to conviction. State v. Paternostro, 224 La. 87, 68 So.2d 767 (1953); State v. Paternostro, 225 La. 369, 73 So.2d 177 (1954); State v. Heiman, 227 La. 235, 79 So.2d 78 (1955); State v. Richard, 245 La. 465, 158 So.2d 828 (1963); State v. Dillon, 260 La. 215, 255 So.2d 745 (1971).
The limited question presented here is whether there is any evidence in the record that the offense occurred in Evangeline Parish. We are not concerned with its sufficiency, for the court does not weigh the evidence.
The record establishes that the alleged murder took place at the Didier Lavergne Store. There were a number of witnesses who testified that the killing occurred at this location.
Roland Thomas, a witness for the state, testified on direct examination:
Q. For the record, would you tell us your name?
A. Roland Thomas.
Q. Where do you live, Mr. Thomas?
A. Evangeline Parish.
Q. What part of Evangeline Parish?
A. On the road going to Grand Prairie.
Q. You live in the neighborhood of Didier Lavergne's store?
A. Yes sir.
Didier Lavergne, another witness for the state, testified:
Q. For the record, would you tell us your name?
A. Didier Lavergne.
Q. You own a store, Mr. Lavergne?
A. Yes.
Q. Where is that?
A. Fabourg.
The above testimony makes it clear that the Didier Lavergne store, where the killing took place, is located at Fabourg in Evangeline Parish. Fabourg is a well-known geographical rural area in Evangeline Parish. It is well settled that the court or jury can take judicial notice of geographic facts. La.R.S. 15:422(6) (1950); State v. Richard, supra. Hence, we conclude that there is some evidence in the record that the offense occurred in Evangeline Parish.
Specification of Error No. 2 is without merit.

SPECIFICATION OF ERROR NO. 3
Defendant's third specification of error in support of his Bill of Exceptions No. 3 is that the trial court erred in excluding certain evidence relating to the issue of self defense.
La.R.S. 15:482, as amended by Acts 1952, No. 239, § 1, reads as follows:
In the absence of evidence of hostile demonstration or of overt act on the part of the person slain or injured, evidence *269 of his dangerous character or of his threats against accused is not admissible.
It is settled jurisprudence of this state that evidence of the dangerous character of the deceased and of prior threats by him against the accused is not admissible unless the accused has laid a foundation by showing a hostile demonstration or overt act on the part of the deceased at the time of the commission of the alleged offense. State v. Jones, 257 La. 966, 244 So.2d 849 (1971); State v. Richard, 203 La. 722, 14 So.2d 615 (1943); State v. Brown, 172 La. 121, 133 So. 383 (1931). The jurisprudence also recognizes that, while the ruling of the trial judge may be reviewed on the question of whether a proper showing of a hostile demonstration or overt act has been made, this court will not reverse the ruling of the judge on the question of fact unless manifestly erroneous. State v. Foreman, 256 La. 999, 240 So.2d 736 (1970).
The point in the trial at which this objection was made is as follows. Luke Voorhies, a witness for the state, had testified to the facts surrounding the shooting. Generally, he testified that on the day of the shooting (June 25, 1972), he had gone to Didier Lavergne's store and was under a shed adjacent thereto. At that time, Joseph Isom Ardoin, the victim, as well as both defendants, Philip Malveaux and Rayfield Jackson,[1] were present there. An argument thereafter developed between Malveaux and Ardoin relative to their participation in a foot race. Ardoin went to his truck, and Malveaux returned to the shed laughing. Ardoin then got out of his truck, took a "little short knife" out of his pocket and stabbed Malveaux. Thereupon, Malveaux went back to his car and secured a pistol. Ardoin was taken into the store by another bystander (Thomas). Ardoin was looking out when Malveaux took a shot at him. The shot missed. Malveaux then left the scene in his car with Rayfield Jackson as the driver. They returned in about ten or fifteen minutes. Jackson picked up an iron bar used to fix tires and "jooked" the door, causing it to open. Malveaux entered the store and shot Ardoin. He came out immediately and told Jackson "let's go." On cross-examination of Luke Voorhies by counsel for Malveaux, the following colloquy occurred:
Q. Were you at the store when Isom Ardoin and his brothers beat Gaff?
A. No sir, I wasn't.
Q. You weren't there? You heard about that, huh?
A. No sir.
Q. You never heard about that?
A. No sir, I didn't.
Q. Remember when they beat, what's that boy ...
The state objected on the ground that a proper foundation had not been laid showing a hostile demonstration or overt act on the part of the deceased at the time of the commission of the alleged offense. Defendant argued that the stabbing of Malveaux constituted sufficient evidence of an overt act to allow admission of evidence of deceased's dangerous character. The trial judge sustained the state's objection.
We agree that the foundation was not laid, and the trial judge correctly excluded the evidence. The reason for this conclusion is that there was no evidence of an overt act at the time of the commission of the offense. After deceased had stabbed Malveaux, Malveaux went to his car, obtained a pistol and shot at the deceased who was in the store. Thereafter, he and Jackson left the scene in a vehicle, returned ten to fifteen minutes later, broke open the door to the store where the deceased was located, and Malveaux shot Ardoin. It can hardly be said that, under these circumstances, the overt act of stabbing occurred at the time of the commission of the alleged murder. Additionally, the alleged overt act was not directed at defendant Rayfield Jackson; therefore, the evidence would have been inadmissible as *270 to him. Finally, after the judge had sustained the state's objection, counsel for defendant nevertheless asked the witness the following question:
Q. Mr. Voorhies, were you present when Isom Ardoin and his brother beat up Joseph Stelly?
A. No sir.
It is evident that Voorhies did not know of any prior difficulties between the deceased and one Joseph Stelly. Hence, defendant can have no complaint in this regard.
Specification of Error No. 3 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs with reasons.
DIXON, Justice (concurring).
I respectfully concur, but am not in agreement with the treatment of Specification of Error No. 3.
NOTES
[1] Malveaux and Jackson were jointly tried. This appeal is on behalf of Jackson only.