DIXON, Justice.
On July 20, 1974 Walter L. Houston inflicted upon Melvin Richardson four gunshot wounds, thereby killing him. Ten days later, July 30, 1974, an information was filed charging defendant with second degree murder, R.S. 14:30.1. From a con *725 viction by a unanimous jury, defendant appeals, raising seven Assignments of Errors.

Assignment of Error No. 1

Defendant contends that under Art. I, § 15, La.Const. of 1974 and C.Cr.P. 382 as amended by Act 19 of the Extra Session of 1974, a conviction for second degree murder, necessarily punishable by life imprisonment at hard labor, is defective unless initiated by indictment.
Prosecution of defendant was initiated by information on July 30, 1974. Applicable at that time were Art. I, § 9, La.Const. of 1921 and C.Cr.P. 382 making institution of prosecution by indictment a requirement in prosecutions for capital offenses only. Hence, prosecution of defendant was validly initiated according to the law then in force.
Art. I, § 15, La.Const. of 1974, provides in relevant part:
“Prosecution of a felony shall be initiated by indictment or information, but no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury. . . .”
This constitutional mandate that in cases of offenses punishable by death or life imprisonment institution of prosecution must be by indictment was not in force at the time of the filing of the bill of information against defendant.[1] Nor was Act 19 of the Extra Session of 1974, amending C.Cr. P. 382 to require indictment in cases not only of capital offenses but also offenses punishable by life imprisonment, effective at the time of defendant’s arraignment.[2]
This assignment of error is without merit.

Assignment of Error No. 2

It is defendant’s argument that inasmuch as he was not informed of his right to waive trial by jury, his conviction must be reversed. As authority for his view defendant cites C.Cr.P. 780 as amended by Acts 1974, No. 24. Yet, at the time of defendant’s arraignment, August 23, 1974, Act 24 was not in force;[3] and according to the provisions of article 780 then applicable, defendant did not have the right to waive trial by jury, the charged offense being necessarily punishable by imprisonment at hard labor.
As amended by the legislature in 1974, art. 780 reads:
“A defendant charged with any offense except a capital offense may knowingly and intelligently waive a trial by jury and elect to be tried by the court. At the time of arraignment, the defendant in such cases shall be informed by the court of his right of waiver and election.”
The second sentence, requiring that at an arraignment subsequent to January 1, 1975 a defendant shall be informed of his right to waive trial by jury, does not apply to defendants validly arraigned before January 1,1975, but tried after that date.
This assignment of error is without merit.

Assignment of Error No. 3

Defendant alleges as error that he was not advised of his right under C.Cr.P. 785 to decide whether to be tried according to the jury provisions of the Louisiana Constitution of 1974 or those under the Louisiana Constitution of 1921.
*726 Though the record does not disclose that defendant was advised of such right, the trial court expressed in a per curiam its belief that this is due to oversight in recording during the trial rather than in advising defendant.
Under the Constitution of 1921, defendant was entitled only to a jury of twelve members, of whom nine must concur to reach a verdict;[4] whereas the Constitution of 1974 entitled defendant only to a jury of twelve members, of whom ten must concur to reach a verdict.[5] The jury was instructed according to the latter provision, seemingly defendant’s better choice. In light of the unanimity of the verdict among the jurors, defendant has no complaint; under either provision a conviction would have resulted.
This assignment of error is without merit.

Assignment of Error No. 4

Defendant contends that the trial court erred in refusing to admit evidence of the deceased’s bad character and prior acts of violence upon defendant.
Out of the presence of the jury the court ruled that until a proper foundation had been laid, no evidence of the victim’s character or threats against defendant would be admitted into evidence. Later in the State’s case in chief, the court sustained a similar State objection.
The facts pertaining to this assignment of error are as follows. According to State witnesses, late the night of July 20, 1974, at the Rex Key Club in Shreveport, Louisiana, defendant approached Melvin Richardson, deceased, firing two shots at point blank range. The shots caused Richardson to fall to the floor, unable to raise himself. Defendant then turned to leave when James Long, manager of the nightclub, called for an ambulance to be summoned because Richardson was still breathing. Thereupon, defendant retraced his path to Richardson and fired two more shots, again at near point blank range.
Witnesses testified at trial that they neither heard nor saw any movement or threats by Richardson. In response to questions put by the defense, Officer Randall Barrish testified that three eyewitnesses had come forward, each reciting that he had observed no quarrel between defendant and deceased. Officer Barrish further testified that his search of the victim and the area about him revealed no weapon of any nature.
Defendant testified, without State objection, that outside the club on the night of the shooting but prior to the time of the shooting, Richardson, . . walked up to me and asked me to buy some beer. I told him I didn’t have any money. He started beating on me, and I told him, ‘All right, I will buy some beer.’ . . .” Defendant testified that a short time later Richardson walked over to him and said, “I told you I was going to kill you,” and then he (Richardson) went back to the pinball machine to sit down. On cross-examination, defendant further testified that he then walked up to Richardson with his gun to “scare him,” but that Richardson then “broke loose and went for his pocket,” and said, “I am going to make you use that.”
R.S. IS :482 reads:
“In the absence of evidence the hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible.”
Recently, this court has had several occasions to discuss the standard by which the trial court is to determine whether there is sufficient “evidence” of an overt act or hostile demonstration to admit evidence of the victim’s dangerous character *727 or past threats against the accused. State v. Groves, 311 So.2d 230 (La.1975), State v. Singleton, 311 So.2d 881 (La.1975); State v. Rester, 309 So.2d 321 (La.1975); State v. Jackson, 308 So.2d 265 (La.1975); State v. Harding, 307 So.2d 338 (La.1975). This case does not present such a question. Objection to questions seeking to elict evidence of the victim’s character was made during defense cross-examination of James Long in the State’s case in chief. This objection was sustained by the trial court who informed defense counsel that a proper foundation would have to be laid before such evidence would be admissible. The record shows that at this point of the trial there was no evidence of any nature tending to establish an overt act or hostile demonstration; therefore, by any interpretation of R.S. 15:482, evidence of the victim’s character and past threats was inadmissible.
On direct examination in the case in chief for the defense, defendant was allowed to testify that Richardson had made threats against his life (“I told you I was going to kill you”). Defendant was further allowed to testify that Richardson had “beaten on him” earlier in the night. Defense counsel made no further attempt to elicit evidence of the accused’s bad character or past threats; that is, whether or not there was sufficient evidence of an overt act or hostile demonstration at this point of the trial is not before us, inasmuch as defendant was denied the admission of no evidence he sought to introduce.
This assignment of error is without merit.

Assignments of Errors Nos. 5, 6, and 7

In defendant’s final assignments of errors, he alleges that the trial court erred by not setting a date before which defendant should submit assignments of errors and designate which portions of the record were to be lodged with the appellate court. Because this court has considered each of defendant’s assignments of errors upon the entire record, these assignments of errors are without merit.
Accordingly, the conviction and sentence are affirmed.

. Art. 14, § 35, La.Const. of 1974 provides: “This constitution shall become effective at twelve o’clock midnight on December 31, 1974.

. § 2 of Act 19 of the Extra Session of 1974 provides that Act 19 shall be effective as of January 1, 1975.

. § 2 of Act 24 of the Extra Session of 1974 provides that Act 24 shall be effective as of January 1, 1975.

. O.Cr.P. 782.

. Art. I, § 17, La.Const. of 1974.