FOURNET, Chief Justice.
 

 The defendant, Warren Morris, claims that he was improperly convicted and sentenced to ten years in the penitentiary as a second offender on a charge of wilfully and unlawfully possessing heroin, first, because he was not permitted to ask the jurors on their voir dire the question: “Now, gentlemen, entrapment is recognized as a valid defense available to a person charged with the commission of a crime under certain circumstances * * * and it would be your duty if the evidence satisfied you that the accused was incited, induced, instigated or lured by the police officers or by one acting as a decoy in their behalf, into committing the offense charged which he otherwise would not have committed and had no intention of committing, to’ find the defendant not guilty;” second, because the Court refused to give a special charge with ref
 
 *483
 
 erence to “the law of entrapment,” and also refused, after completion of its general charge, to- inform the jury that it could recommend probation; third, because on the hearing charging the defendant with previous conviction, the State did not prove that the Warren Morris mentioned in the documents from the State Penitentiary and the defendant^were the identical person.
 

 The trial judge, in maintaining the State’s •objection to the question to the- jurors on their voir dire, ruled that the statement was not proper in that it did not correctly set forth the distinction between entrapment and inducement; and refused to- give the special charge relative to- the defense of entrapment because there was no evidence to warrant the charge.
 

 Under the express provisions of the LSA-Revised Statutes, “The purpose of the examination of jurors is to ascertain the qualifications of the juror in the trial of the case in which he has been tendered, and the examination shall be limited to that purpose.” (Italics ours) LSA-R.S. 15:357. Thus it may be seen that the extent of counsel’s right to examine jurors on their voir diré is left in the sound discretion of the trial judge; and it is the settled jurisprudence of this Court that questions which have for their evident purpose to have jurors indicate in advance what their decision will be under a certain state of facts are not pertinent, State v. Henry, 197 La. 999, 3 So.2d 104, nor are hypothetical questions or questions of law, which call for prejudgment of any- supposed case on the facts, State v. Smith, 216 La. 1041, 45 So.2d 617. Cf. State v. Zeigler, 184 La. 829, 167 So. 456. Moreover, we do not think that the statement posed for the jury’s consideration, correctly reflects the law of this State. We find no error in the ruling of the trial judge.
 

 The special charge relative to entrapment, similar in its tenor to the statement by counsel on voir dire, was properly refused, since, as reflected by the trial judge’s per curiam, “there was no evidence introduced * * * in the trial which would warrant such a charge.” A trial judge is never authorized to make a charge based on- a special defense not supported by the evidence, and it is his duty to give a requested charge only when it is “wholly correct and wholly pertinent”. LSA-R.S. 15 :390. See State v. Reed, 206 La. 143, 19 So.2d 28, and cases cited therein; State v. Natalie, 172 La. 709, 135 So. 34; State v. Burch, 170 La. 812, 129 So. 212; State v. Tatum, 162 La. 872, 111 So. 264.
 

 Defense counsel’s contention that the judge should have included in his genéral charge the provisions of LSA-R.S. 15 :530 covering suspension of sentence and probation, and that prejudicial error was committed by the court in sustaining the State’s objection when counsel himself sought to read that article to- the jury after final instructions on the law had been given, is manifestly unsound. Under our Code of Criminal Procedure it is provided that the
 
 *485
 
 jury are judges of the ¡aw and of the facts on the question of the guilt or innocence of the accused, LSA-R.S. 15:383, -but the judge “shall have the right to instruct the jury on the law” LSA-R.S. 15:384, the scope of his charge to be “on.the law applicable to the case” LSA-R.S. 15 :385; and under the heading of “General Charges” is found an outline, in substance, of the instructions which the judge must give to' the jury, namely, (1) that the accused is presumed to-be innocent until proven guilty beyond a reasonable doubt, (2) that it is the duty of the jury in considering the evidence and applying to- that evidence the law as given by the court, to give defendant the benefit of every reasonable doubt, and (3) in proper cases, to- charge them with respect to the several grades of the offense set out in the indictment, LSA-R.S. 15:387. This charge must be in writing whenever so requested ■by either the prosecution or the defense prior to the swearing of the first witness, LSA-R.S. 15:389. In the next article, LSA-R.S. 15 :390, it is made the duty of the trial judge to give special charges, provided the requested charges are in writing and presented to- the trial judge before argument is begun and that they are wholly correct and wholly pertinent, except when such charge is contained in the general charge or it requires “qualification, limitation or explanation.” LSA-R.S. 15,:390.
 

 Clearly, under the foregoing it is to be seen that the Code contemplates that the general charge to the jury contain instructions on the law applicable to the guilt or innocence of the accused with respect to the crime committed in the light of the evidence presented. The right of the judge to-suspend execution of sentence when probation has been recommended by the jury is a matter that has no relation to- the elements of the crime, and of necessity falls within the purview of matter to be requested in a special charge under the requirements of LSA-R.S.
 
 15:390.
 

 With'respect to the last Bill, the State presented documents from the State Penitentiary, properly authenticated, together with photographs and fingerprints of the person imprisoned, which offerings constitute prima facie evidence on the trial for a second offense. LSA-R.S. 15:529.1. As shown by the trial judge’s per curiam, the defendant offered no- testimony. Consequently, there is no merit to defendant’s complaint.
 

 For the reasons assigned, the conviction and sentence are affirmed.