86 So.2d 693

**STATE of Louisiana**

**v.**

**Roy PELTIER.**

**No. 42655.**

Feb. 20, 1956.

Rehearing Denied March 26, 1956.

J. Minos Simon, Lafayette, for defendant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., L. O. Pecot, Dist. Atty., Franklin, Knowles M. Tucker, Asst. Dist. Atty., New Iberia, Nathan A. Levy, Asst. Dist. Atty., Franklin, for appellee.

HAMITER, Justice.

The defendant, Roy Peltier, is appealing from his conviction and sentence on the charge that he did "unlawfully conceal, possess and have under his control a narcotic drug, to-wit: Marijuana, as defined by Louisiana Revised Statutes 40:961 * *."

During the examination of the prospective jurors and in the course of the trial the defendant reserved 69 bills of exceptions, many of which involve related complaints. Those so related will be discussed hereinafter in groups.

The complaint made in the first group pertains to the court's refusal to permit the answering of a question propounded by defense counsel to the various prospective jurors. They were asked: If the marijuana allegedly possessed by defendant consisted of a minute amount of gleanings mixed with other things commonly found in a man's pocket, and if the evidence demonstrates that the only way a person could have knowledge that such gleanings were marijuana was by the use of a microscope and by a chemical analysis, and if that evidence raises a doubt in your mind as to

whether or not the defendant knew he had the gleanings, would you have any prejudice or bias against, or would there be anything that would keep you from, returning a verdict of not guilty?

Our decision in State v. Morris, 222 La. 480, 62 So.2d 649 and State v. Washington, 225 La. 1021, 74 So.2d 200, appear to support the trial court's ruling on the question which clearly purposed to have each prospective juror indicate in advance what his conclusion would be under the described factual situation.

In the Morris case [222 La. 480, 62 So.2d 650], wherein the defendant was charged with possessing narcotics as here, we said: "* * * Thus it may be seen that the extent of counsel's right to examine jurors on their voir dire is left in the sound discretion of the trial judge; and it is the settled jurisprudence of this Court that questions which have for their evident purpose to have jurors indicate in advance what their decision will be under a certain state of facts are not pertinent, State v. Henry, 197 La. 999, 3 So.2d 104, * * *."

In the Washington case [225 La. 1021, 74 So.2d 201], which also involved the alleged possession of narcotics, defense counsel asked the prospective jurors if they would be unduly inflamed by the visual observation of the drugs that might be offered in evidence. The trial judge informed counsel that this line of inquiry was objectionable and would not be permitted. Thereupon a bill was reserved. On the appeal we observed: "The judge was right. It was improper for counsel to interrogate the prospective jurors concerning their reactions as to evidence which might be received at the trial. * * * Article 357 of the Code of Criminal Procedure (now LSA-R.S. 15:357) states that the voir dire examination of jurors is designed to ascertain their qualifications to try the case and that 'the examination shall be limited to that purpose.' The range of the inquiry is within the sound discretion of the trial judge. * * *"

State v. Page, 173 La. 279, 136 So. 609 and State v. Guin, 212 La. 475, 32 So.2d 895, relied on by defense counsel, are not applicable. In each of those cases the questions propounded were clearly for the purpose of determining whether the prospective jurors were prejudiced for or against the defendant personally as a member of a particular class.

Inappropriate also are the cited excerpts from State v. Henry, 196 La. 217, 198 So. 910, 918. In that case the defense attorney was prevented from asking prospective jurors whether they had any prejudice against bringing in a qualified verdict if they found the defendant guilty. This court, in concluding that the inquiry was proper and that reversible error had been committed, pointed out specifically that in trials for murder (as in the Henry case) the question of what form of punishment shall be inflicted (death or imprisonment) is peculiarily within the "absolute discretion" of the jury. No question of that kind is presented here.

Numerous bills of exceptions were likewise reserved to the sustaining of the state's objections to two other questions propounded to prospective jurors in which defense counsel sought to describe in some detail three asserted elements of the crime charged and asked: (1) "* * * If the Court were to tell you that the law provides that before you can return a verdict of guilty the State of Louisiana must prove every one of these three elements beyond a reasonable doubt before you can return a verdict of guilty, I ask you first, will you carry out and apply that law to the facts of this case?" (2) "* * * If the Court were to tell you that the law provides that before you can return a verdict of guilty the State of Louisiana must prove every one of these three elements beyond a reasonable doubt before you can return a verdict of guilty, do you have any prejudice or bias against such a law?"

Defense counsel states here, to quote from his brief, that the purposes of the two questions were as follows: (1) "* * * Defendant merely wanted to know if the juror would carry out and apply the law, as given by the judge, to the facts of the case. * * *" (2) "* * * It merely asks the juror that, if the court were to instruct him that there were three elements to the crime charged, and before a verdict of guilty can be returned, the State must prove each element beyond a reasonable doubt, does he have any bias or prejudice against such a law. * * *"

The lengthy descriptions of the asserted three elements of the crime, which counsel gave in connection with his interrogation, undoubtedly tended to render both questions somewhat ambiguous and confusing. But assuming for the sake of argument that such questions were proper, and should not have been excluded, we do not find that the defendant was prejudiced by the exclusion of them. Of similar import and purposes, it appears from the record, were other questions which counsel was permitted to propound. As the judge remarked: "The Court has permitted and will permit counsel to examine the prospective juror on the law of burden of proof, reasonable doubt and presumption of innocence." Hence, we do not find that reversible error has been committed.

Bill of exceptions No. 60 was taken to the Court's permitting the state to introduce into evidence five exhibits which purported to be packages containing gleanings taken from the clothes of the defendant at the time of his arrest. Defense counsel argues here that according to LSA-R.S. 40:961 the possession of marijuana is a crime only when that substance contains "any quantity of the Mexican plant known as marijuana"; that during the trial of this defendant no testimony was introduced to show that the mentioned packages contained any quantity of such Mexican plant; and that, hence, the exhibits were immaterial and irrelevant.

The testimony showing the facts and circumstances leading to the introduction of these exhibits is not included in the bill of exceptions or annexed to it and made a part thereof. In State v. Gaines, 223 La. 711, 66 So.2d 618, 620, which presented a somewhat similar situation, we observed:

"This case was appealed from the Criminal District Court for the Parish of Orleans, and, as is customary in transcripts in appeals from that court, all of the testimony taken during the trial has been placed in the transcript. Since all the testimony relating to the offering in evidence of the articles is in the transcript, counsel may have expected that we would consider it to determine whether the ruling of the trial judge on the admissibility of this evidence was correct. Any such expectation, of course, is futile, because for us to consider the testimony, although in the transcript, it must be presented in a bill of exception perfected in the manner prescribed by our Code of Criminal Procedure and the jurisprudence of this court.

* * * * * *

"We said in State v. Honeycutt, 218 La. 362, 49 So.2d 610, that it is well settled in the jurisprudence of this court that in a criminal case, even though the testimony may be taken, transcribed, and placed in the transcript, it cannot be considered by us and has no proper place in the record unless it is annexed to, and made a part of, a bill of exception timely perfected. * * *"

Since the mentioned testimony pertaining to the exhibits in question is not properly before us we cannot say that the trial court erred in permitting the introduction.

Bill of exceptions No. 68 raises the question of the correctness of the trial court's instructions respecting the verdicts which the jury might render. According to such bill objection was made to "responsive verdicts 2, 3, 4, 5, 6, 7, 8, 9, as not being responsive to the charge before the Court." And in connection with his argument here defense counsel directs our attention to that part of LSA-R.S. 15:386 which reads: "Whenever, the indictment sets out an offense including other offenses of less magnitude or grade the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment. * * *"

We can conceive of no good reason why the possible verdicts as announced by the trial judge were not in keeping with that provision and, hence, correctly stated. Nor does the defendant point out in what manner they were not responsive. In fact it is said in counsel's brief that "while verdicts 2, 3, 4, and 5 are made responsive to the charge

in the Information, they are not crimes of 'less magnitude or grade', but on the contrary they are crimes of equal magnitude and grade with the crime charged in the Information."

Each of the mentioned possible verdicts (2, 3, 4 and 5) relates to a criminal act specifically charged in the bill of information. We fail to understand, therefore, in what respect the trial judge erred when he instructed the jury that it could bring in a verdict of guilty as to any or all of the acts so charged.

The remainder of the possible verdicts which the judge stated might be rendered dealt with "attempted" acts—attempted possession, attempted control, etc. In State v. Johnson, 228 La. 317, 82 So.2d 24, this court, in ruling admissible certain evidence as tending to show guilty knowledge, held that "attempted possession" was a responsive verdict to a charge of possession of narcotics. See also State v. Nicolosi, 228 La. 65, 81 So.2d 771. Similarly, "attempted control" would be responsive to the charge that the defendant did have narcotics under his control. Hence, there is no merit in the bill.

The last bill of exceptions (No. 69) was reserved to the court's overruling of defendant's motion in arrest of judgment and, in the alternative, for a new trial.

The motion in arrest is leveled at the alleged insufficiency of the bill of information. Defense counsel contends that it fails to charge a crime known to the laws of this state inasmuch as it does not state that his possession and control of the narcotic drug were with "guilty knowledge". He argues that "guilty knowledge" is an essential ingredient of the crime with which he was charged, as we so held in State v. Johnson and State v. Nicolosi, both supra; and that, hence, the bill of information, in order to be valid, must set forth such ingredient by reciting that he "knowingly" possessed and had under his control the narcotic drug.

We do not concur in this conclusion. The bill of information here is couched in the language of the statute and therefore sets forth, and it informs the accused of, the essential elements of the crime charged. The cases cited by defense counsel plainly had reference only to the general criminal intent or guilty knowledge ordinarily required to be proved in obtaining convictions for most offenses. The question of a specific intent was not involved therein. Thus, in the Johnson case we said [228 La. 317, 82 So.2d 30]: "Unlawful possession, where one is invested with some right of dominion, can be defined as a possession which in the ordinary course of human experience necessarily involves knowledge of the fact that one is possessing either rightfully or unlawfully as well as knowledge of the criminal conse-

quences which one should reasonably anticipate to result therefrom. For, no crime can exist without the combination of a criminal act and a criminal intent, or an evil motive, or with a guilty knowledge of its consequences. * * *"

Defense counsel has cited no authority, and we know of none, which requires that the existence of general criminal intent or guilty knowledge be alleged in the indictment or information.

Inappropriate and not controlling here is State v. Kelley, 225 La. 495, 73 So.2d 437. The statute defining the crime involved therein specifically recited that the acts constituting the offense should be done "knowingly". No similar provision is contained in the statute under which this defendant was charged.

In connection with the alternative motion for a new trial defense counsel argues that there was no evidence whatever tending to show that the accused knew that he possessed and had control of the marijuana. But the testimony adduced at the trial is not contained in or made a part of the bill of exceptions. Consequently, and for the reasons given above in our discussion of bill of exceptions No. 60, we cannot say that there was error on the part of the judge in overruling the motion.

For the reasons assigned the conviction and sentence are affirmed.