, PONDER, Justice.
The defendant was convicted under a bill of information charging him with the possession of a narcotic drug, to-wit: the dried form of the plant known as marijuana in violation of LSA-R.S. 40:962 and sentenced to serve a term' of twelve' years in the State Penitentiary. He has appealed.
 During the course of the trial, the defendant reserved five bills of exception. Two bills of exception (Nos. 1 and 3) were taken to the ruling of the trial judge overruling the defendant’s objection to the admission of the testimony of two expert wit *495 nesses. The objections were made to the qualification of these witnesses on the ground that neither could state that the gleanings found in the possession of the defendant contained any part or portion of the Mexican-plant known as marijuana. In the case of State v. Nicolosi, 228 La. 65, 81 So.2d 771, 772, it was held that: “Under Article 466 of the Code of Criminal Procedure, the test of the competency of an expert is his knowledge of the subject on which he is asked to express an opinion, and, before any witness can give evidence as an expert, his competency to testify must have been established to the satisfaction of the court. Under this article it is within the province of the trial judge to decide whether witnesses offered as experts are entitled to be heard in that capacity, and his ruling will not be disturbed where no error appears. State v. Carter, 217 La. 547, 46 So.2d 897.” The witness Ray Herd is the same witness whose competency was attacked in the Nicolosi case and he was therein testifying as to the same drug, to-wit: marijuana. And as pointed out by the state, the fact that neither witness could testify that the gleanings contained .any part of the Mexican plant known as marijuana touches not on the qualification of them as experts but rather it goes more specifically to the identity of the narcotic found upon the person of the defendant which is a matter of fact left entirely to the determination of the jury. See State v. Lawrence, 221 La. 861, 60 So.2d 464.
Bill of Exception No. 2 was reserved to the Court’s ruling permitting the introduction of the gleanings of marijuana found in the possession of the defendant on the ground that the substance had not been identified at any time during the trial as part of the Mexican plant known as marijuana.
The ruling in the recent case of State v. Peltier, 229 La. 745, 86 So.2d 693, handed down on February 20, 1956,. is controlling herein. Since the testimony showing the facts and circumstances leading to the introduction of these exhibits are not included in the bill of exceptions or an-, nexed to it and made a part thereof, this bill is without merit.-
Both the motion in arrest of judg-' ment, Bill of Exception No. 4, and the motion for a new trial, Bill of Exception No. 5, present the same question, viz.: that the bill of information does not specifically and affirmatively charge or impute guilty knowledge of the accused of possession of a narcotic drug, relying on State v. Johnson, 228 La. 317, 82 So.2d 24. This identical question was passed upon in. State v. Peltier, supra, and this argument was held to be without merit when the bill of information was couched in the language of the statute and the information charged that the defendant did unlawfully, possess a narcotic drug. In the present case the information charges that the defendant did “Unlawfully, wilfully and feloniously possess a narcotic drug.”
*497 In addition to the above questions, the motion in arrest of judgment sets out that there is error patent on the face of the record in that the official minutes show that after the court had charged the jury and the jury had retired a request was made to re-examine the clothing offered in evidence for size and this request was refused by the trial judge.
The record reflects that at the time the request was refused defense counsel was present and made no objection nor reserved any bill. It is settled that where an accused acquiesces in a ruling and makes no objection and reserves no bill of- exception he cannot raise any objection after conviction on a motion in arrest of judg^ ment. See State v. Sears, 220 La. 103, 55 So.2d 881, and the numerous authoritiés cited therein.
For the reasons assigned, the conviction and sentence are affirmed.