268 So.2d 604 (1972)
263 La. 418
STATE of Louisiana
v.
Taylor CRITTLE.
No. 52040.
Supreme Court of Louisiana.
May 1, 1972.
Gravel, Roy & Burnes, James J. Brady, Alexandria, for defendant-relator.
Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Edwin O. Ware, III, Dist. Atty., Robert P. Jackson, Asst. Dist. Atty., for plaintiff-respondent.
HAMLIN, Justice.
Exercising our supervisory jurisdiction, we directed Certiorari to Honorable Guy E. Humphries, Jr., Judge, Ninth Judicial District Court, Rapides Parish, Louisiana, in order that we might determine the validity of the instant proceedings. Art. VII, Sec. 10, La.Const. of 1921.
Taylor Crittle was charged with violating LSA-R.S. 40:971 (3c) in that "HE DID ON OR ABOUT THE 18th DAY OF February, 1971, wilfully and unlawfully violate R.S. 40:971 (3c) by the unlawful possession of a dangerous control substance, to-wit: Marijuana." Thereafter, defendant was tried by jury, found guilty as charged, and sentenced to be imprisoned in the Parish Prison for a period of six months.
A number of bills of exceptions were reserved during the proceedings; however, the record and application for Certiorari contains only two perfected bills. We find them to have merit and infra will restrict this review to Bills of Exceptions Nos. 1 and 2.

*605 BILLS OF EXCEPTIONS NOS. 1 AND 2
The above bills will be discussed jointly; each was reserved when the trial judge restricted defense counsel's voir dire examination of prospective jurors. The questioning, colloquy, and rulings of the trial judge in connection with the reservation of these bills are as follows:
Prospective juror Jimmy Moorland Taylor:
"Q. Under our system of procedure in this State and in this Country, the Defendant in any criminal trial, as he sits before you now, is presumed to be innocent until the State proves its case. Could you afford that of this Defendant of that assumption that he is legally entitled to?
"A. Yes, sir.
"BY THE COURT: Mr. Brady, I instructed the entire panel, Monday, on all the preliminary provisions of law that [are] applicable in a criminal case. And I will not permit you to go into the provisions of law that are applicable to a criminal case, with the prospective jurors, as I have already instructed them on that. They have stated that they would follow the law, as given to them by the Court. The Code provides that the Judge shall instruct the Jury on the law and the voir dire examination is for the purpose in determining a juror's qualifications and knowledge of the law is not one of the qualifications.
"BY MR. BRADY: Well, Your Honor, I don't purpose to instruct the jurors in the law, that is certainly not in my purview. But I do and feel that I must in this case, in every case, question each and every juror to the fact, whether they can give this Defendant a presumption of innocence, which he is entitled.
"BY THE COURT: I have instructed the jurors on the presumption of innocence, applicable to all criminal cases, as well as other provisions of law. I will permit you to ask them if they will follow the instructions that I have given them, not only to this provision of law but to the other provisions of law, which is equally important.
"BY MR. BRADY: I respect and realize what you have done but I think it is my duty to ask them this question and I reserve the objection, if its going to be overruled.
"BY THE COURT: I am not going to permit any questions regarding the law.
"BY MR. BRADY: Your Honor, to this ruling the Defendant respectfully reserves a bill of exception, attaching, to and making a part thereof, the bill of information, the motions heretofore, filed in these proceedings
"* * *
"Q. Also important and it is sacramental in our procedure, that a Defendant in any criminal case does not have to take the witness stand(Interrupted)
"BY THE COURT: Mr. Brady, I have just issued a ruling, sir, I don't expect it to be violated.
"BY MR. BRADY: May we approach the bench, Your Honor.
"BY THE COURT: Yes, sir. Your statements are in the record. "BY MR. BRADY: I would, just to clarify this situation, I would like to make read into the record that, Your Honor, has instructed me that I am not to ask any prospective jurors, whether or not he haswill give my client the presumption of innocence, to which he is entitled, also that Your Honor has instructed me that I am not to ask whether the fact that this Defendant does not take the stand, in his own behalf, would have an effect on thisor each and every juror. And that, Your Honor has instructed me that if I ask these questions that I would be disobeying an order of this Court and that there will be(Interrupted)
"BY THE COURT: I said, if you ask that question, you would be disobeying an order of this Court.
*606 "BY MR. BRADY: And then to, Your Honor's ruling on this, the Defendant respectfully reserves a bill of exception, attaching thereto and making a part thereof, the bill of information in this case, the testimony in connection with the examination of the Juror, Mr. Taylor, prospective Juror, Mr. Taylor, the Court's ruling thereon, the statement of Defendant's Counsel and in general, the entire record heretofore, in these proceedings.
"BY THE COURT: All right, sir."[1]
Counsel for the defendant contends that the trial judge so severely limited the voir dire examination in this case, and to such an extent as to make the examination completely useless from the defendant's point of view. He argues that it was impossible to intelligently or wisely exercise any challenge for cause or to form any basis for a peremptory challenge because of the severe limitation of voir dire questioning. He submits: "It is most pertinent to point out that neither the defendant, nor his counsel, were present in the courtroom the previous Monday when this particular jury was empaneled to try an entirely different case. The defense counsel cannot possibly ascertain what a prospective juror's beliefs on essential areas may be when the trial judge reads some aspects of the law to the panel of 100 jurors, three days before the trial of the case, when the defendant or his counsel were not even present in the courtroom."
The State submits that all of the issues raised herein with respect to voir dire examination by counsel have already been decided by this Court in State v. Richey, 258 La. 1094, 249 So.2d 143 (1971). It argues that the Court's position was reaffirmed in State v. Harper, 260 La. 715, 257 So.2d 381.
In State v. Richey, supra, we held that the trial judge did not abuse his discretion in disallowing the following questions propounded to prospective jurors:
"Do you know the meaning of the presumption of innocence, which the defendant is to receive in this case?
"Mr. Guillory, can you afford this defendant the presumption of innocence to which the law gives him?
"As you stand here today, sir, can you afford this defendant the full presumption of innocence, can you in your own mind right now feel that he is innocent of the crime that he is charged with?
"Sir, in weighing the identification testimony of the defendant, will you consider the witness's capacity for memory, for observation, his familiarity or unfamiliarity with the defendant, and any bias or prejudice he may have toward the accused?"
In Richey, we said: "Under the facts and circumstances existing in the trial court at the time the instant bills were reserved, we do not find that the trial judge abused his discretion in disallowing the questions defense counsel propounded to the prospective jurors. The trial judge's per curiam, supra, explains his reasons for his rulings; *607 we find them reasonable herein. Whether the questions propounded would be improper in every criminal case, we are not called on to say. Cf. State v. Peltier, 229 La. 745, 86 So.2d 693. * * * `The judge's exercise of sound discretion in ruling will be sustained unless unwisely exercised, providing that he allows considerable latitude in the examination of jurors. State v. Rogers, 241 La. 841, 132 So.2d 819 (1961), cert, denied, 370 U.S. 963, 82 S.Ct. 1589, 8 L.Ed.2d 830. We are satisfied these standards have been observed.' State v. Square, 257 La. 743, 244 So.2d 200, 231. See, 24A C.J.S. Criminal Law § 1900b, p. 971 et seq.; State v. Manley, 54 N.J. 259, 255 A.2d 193 (1969)." 249 So.2d at p. 152.
In State v. Harper, supra, we held that defense counsel has the right to interrogate prospective jurors, within reasonable limits largely within the discretion of the trial judge, to determine whether they are biased or committed to certain views not only for the purpose of discovering grounds for challenge for cause but also to enable the intelligent exercise of peremptory challenges. We concluded that questions requiring advance commitments by prospective jurors were nevertheless properly disallowed by the trial judge.
Article 799 of the Code of Criminal Procedure provides that in a case such as the instant case, each defendant shall have six peremptory challenges. Article 797 provides:
"The state or the defendant may challenge a juror for cause on the ground that:
"(1) The juror lacks a qualification required by law;
"(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
"* * *
"(4) The juror will not accept the law as given to him by the court; or
"* * * Article 786 of the Code of Criminal Procedure states:
"The court, the state, and the defendant shall have the right to examine prospective jurors. The scope of the examination shall be within the discretion of the court. A prospective juror, before being examined, shall be sworn to answer truthfully questions asked him relative to his qualifications to serve as a juror in the case."
In State v. Hills, 241 La. 345, 129 So.2d 12,31 (1961), we said: "It is a general view as to voir dire examination that the defendant in a criminal prosecution is entitled to make reasonable and pertinent inquiries of the prospective juror so that he may exercise intelligently and wisely his right of peremptory challengesince each party has the right to put questions to a juror not only to show that there exists proper grounds for a challenge for cause, but to elicit facts to enable him to decide whether or not he will make a peremptory challenge. For this reason, a wide latitude is allowed counsel in examining jurors on their voir dire, and the scope of inquiry is best governed by a liberal discretion on the part of the Court so that if there is any likelihood that some prejudice is in the juror's mind which will even subconsciously affect his decision, this may be uncovered. It is by examination into the attitudes and inclinations of jurors before they are sworn to try a case that litigants are enabled to reject those persons, by use of peremptory challenges where necessary, who are deemed to be unlikely to approach a decision in a detached and objective manner. * * *"
As stated in Richey supra, we feel that each prosecution has a life of its own, and that the trial judge exercises his discretion as to the particular case being tried and not as to all cases at one time. Each defendant *608 who is tried is entitled to a fair trial accompanied by full due process of law. The instructions given to prospective jurors during one proceeding apply to the individual prosecution.
The methods of one counsel in trying a case might not be the same as those of another counsel trying a different case. The law quoted supra allows a defendant peremptory challenges, and a defendant is entitled to exercise them for his own peculiar reasons. What one counsel has in mind in questioning a prospective juror is not necessarily what another counsel has in mind when he questions a different prospective juror.
Herein, after defense counsel made a statement with respect to the presumption of innocence, he asked the prospective juror, "Could you afford that of this Defendant of that assumption that he is legally entitled to?" Counsel was asking for an answer with respect to the prospective juror's state of mind. The question although similar to one propounded to a prospective juror in the Richey proceeding was asked herein under different facts and circumstances; it was not similar to those propounded in Harper, supra, such as, whether the prospective juror would be willing to accept the accused's testimony as the truth, and whether the prospective juror would be influenced in his decision if he were told that the defendant had a criminal record.
Under the present facts and circumstances surrounding defense counsel's questioning of prospective jurors, we find that the trial judge restricted him too severely and too narrowly. Counsel was not present in court on the Monday prior to the instant trial when the prospective jury panel was instructed; there was no requirement that he be present. The jury panel was not reinstructed in counsel's presence. Counsel was interrupted at the inception of these proceedings; he was not allowed to try this case to the best of his ability. The trial judge misinterpreted our ruling in Richey; he should have permitted defense counsel to pursue the questioning quoted supra, or questioned and/or instructed the jurors himself.
For the reasons assigned, the conviction and sentence are reversed and set aside; the case is remanded for a new trial in accordance with law and the views herein expressed.
SANDERS, J., dissents.
BARHAM, J., dissents with written reasons.
DIXON, J., concurs.
BARHAM, Justice (dissenting).
I must dissent from the majority opinion since it has found reversible error requiring a new trial based upon voir dire examination when in fact there is also reversible error requiring that the bill of information be quashed and the defendant discharged if he is not timely recharged.[1]
First, however, I would address myself to the reasoning of the majority in regard to the trial judge's restriction of defense counsel's voir dire examination of prospective jurors. This court erred in State v. Richey, 258 La. 1094, 249 So.2d 143 (1971), which. I believe to be contrary to State v. Hills, 241 La. 345, 129 So.2d 12 (1961). There is no reason to try to distinguish, qualify, or support Richey. It set a dangerous precedent contrary to our Constitutions, the Code of Criminal Procedure, and our jurisprudence, and it should be categorically struck down.
*609 Code of Criminal Procedure Article 797 states as one of the grounds upon which the State or the defendant may challenge a juror for cause that "The juror will not accept the law as given to him by the court". Every case presents its own special legal propositions which may not be acceptable to a juror and which he cannot follow in the consideration of the verdict. We should once and for all state to the trial courts the proposition that jurors may be examinednot lectured, examinedon the question of whether they are able to accept pertinent principles of law, just as it must be determined in capital cases whether jurors can accept the principle of law that one charged with a capital offense may have to forfeit his life. For further discussion, see my dissents in State v. Richey, supra; State v. Bell, 263 La. 434, 268 So.2d 610 on our docket, and State v. Sheppard, 263 La. 379, 268 So.2d 590, the latter two decided this day.
The majority errs in failing to quash the bill of information since it does not charge a crime. There is no short form indictment for possession of controlled dangerous substances, and therefore all the elements of this offense must be charged under the requirements for the long form indictment of Code of Criminal Procedure Article 464. The crime sought to be charged here is defined in R.S. 40:971(c): "It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance * * *." (Emphasis supplied.) The bill of information which attempts to charge that offense reads: "* * * he did on or about the 18th day of February, 1971, wilfully and unlawfully violate R.S. 40:971 (3) (c)[2] by the unlawful possession of a dangerous controlled substance, to-wit: Marijuana * * *."
The error in the information is the failure to charge an essential ingredient of the crime: Knowing or intentional possession. It is argued that "intentional" when used in the Criminal Code or in criminal sanctions, unless modified, refers to general intent, and that therefore intent is not essential to the charge here because the knowing and intentional possession relates to general scienter. The fallacy in the argument is easily demonstrated. This court through a long line of cases, for the purpose of allowing the introduction of evidence of prior and subsequent offenses in the prosecution of possession cases, has said that knowledge and intent are essential ingredients. State v. Nicolosi, 228 La. 65, 81 So.2d 771 (1955); State v. Johnson, 228 La. 317, 82 So.2d 24 (1955); State v. Maney, 242 La. 223, 135 So.2d 473 (1961); State v. Oliver, 247 La. 729, 174 So.2d 509 (1965); State v. Williams, 250 La. 64, 193 So.2d 787 (1967); State v. O'Brien, 255 La. 704, 232 So.2d 484 (1970); State v. Kreller, 255 La. 982, 233 So.2d 906 (1970).
Under this jurisprudence, which has declared this rule too often for it to be disputed, it is apparent that in Louisiana knowledge and intent are essential ingredients of the crime of possession of controlled dangerous substances. The amendment to the statute defining this crime incorporated this jurisprudence and now specifically includes knowledge and intent as elements of this crime. Therefore the general rule of law that "intentional" unqualified by special language refers to general criminal intent rather than specific intent and need not be charged is inapplicable to the crime of possession under R.S. 40:-971(c). It would also follow that "knowledge" under this crime is an exception to the rule that general scienter need not be charged. Intent and knowledge are of a specific quality in possession charges and, just as for that reason extrinsic evidence of knowledge and intent may be used to establish this specific and essential element of this crime, so must knowledge and intent be charged.
*610 The bill of information in the instant case is invalid. The phrase that defendant did "wilfully and unlawfully violate R.S. 40:971 (3) (c)" does not supply the missing ingredient, but is merely the usual preliminary surplusage found in almost all bills of information. The substance of the information following that phrase of charges only "the unlawful possession" and fails to supply the necessary ingredients to validly charge this defendant. Knowledge and intent in possession cases are that specific scienter which it is essential to charge for a valid indictment under Code of Criminal Procedure Article 464, Louisiana Constitution Article I, Section 10, and United States Constitution Amendments VI and XIV.
For all these reasons I respectfully dissent.
NOTES
[1] While prospective juror Abraham L. George was undergoing voir dire, the following reservations were made by counsel for the defendant:

"BY MR. BRADY: Your Honor, I feel at this time, in order to protect this Defendant, tell the Court that I feel I should ask this gentleman, the question that I asked Mr. Taylor.
"BY THE COURT: Of course. I am going to instruct you not to ask or you may ask him if he will follow the law that I gave them earlier, applicable to criminal cases, which includes presumption of innocence and not taking the witness stand.
"BY MR. BRADY: I feel then, Your HonorI intend to reserve a billI feel I should ask each and every juror those particular questions and I assume that Your Honor's ruling will be the same.
"BY THE COURT: Yes, it will be the same, you can make the objection general and the Court's ruling will be made general.
"BY MR. BRADY: We will reserve the same bill of exception to each of these prospective jurors.
"BY THE COURT: All right, let a bill be reserved."
[1] No bill of exceptions was perfected presenting this question, but the issue was fully argued by the State and the defendant, and we must notice any error discoverable by a mere inspection of the pleadings and proceedings. Art. 920(2), C.Cr.P.
[2] The citation of the statute is incorrect and should be R.S. 40:971(c). However, the information is not fatally defective for that reason. See C.Cr.P. Art. 464.