BARHAM, Justice
(dissenting).
Pretermitting any inquiry into the other bills of exceptions, I find reversible error under Bill of Exceptions No. 3, and-''will'1'' address my remarks-to that bill.'
The same question of law is presented" here as is presented in State v. Crittle, 263 La. 418, 268 So.2d 604 on our docket, and State v. Bell, 263 La. 434, 268 So.2d 610, both decided today. In Crittle the majority ordered a reversal, in Bell it did not, and here it does not. The majority of this court, without comparing these cases or cross-citing them, has simply found in one case that the limitation of voir dire examination was reversible error and in two cases that it was not. Here, as in the other cases cited, counsel for the accused was trying to determine whether jurors- *404 would accept certain principles of law, such as the presumption of innocence and that an indictment is not indicative of guilt and is proof of nothing. In this case defense counsel explained that he was greatly concerned that some of the jurors might have particular opposition to a special rule of law applicable to the case.
In the per curiam as quoted by the majority, the trial judge explains his new procedure for selecting petit jurors. On the first day of the trial week, before any case is called for trial or any accused brought to the bar, the court instructs all the prospective jurors on the law. The same general legal principles are not applicable to all cases, and some particular principles apply only to the exceptional case. The judge cannot know the applicable law in all of the cases of varying criminal charges pending for that week w^en he cannot know at that moment the po.sture of the cases as they will be presented for jury determination. After the judge has instructed the jurors on what he believes to be the pertinent law in all the cases for the week, in every particular case which comes on for trial he permits counsel only “to ask the prospective juror if he will apply all of the law and follow all of the law that is given by the Court”. He says further: “I do not permit counsel to ask specific questions into every particular phase of the law which I have covered in the preliminary .instructions or which I zvill cover in the final instructions." (Emphasis supplied.) '
Criminal trials in jury cases begin in Louisiana with the selection and swearing of the jury. C.Cr.P. Art. 765(1). Under Code of Criminal Procedure Article 786 all prospective jurors must be sworn before being examined as to their qualifications to serve, and “the court, the state, and the defendant shall have the right to examine prospective jurors. The scope of the examination shall be within the discretion of the court. * * * ” Article 1, Section 10, of the Louisiana Constitution gives every accused the right to challenge jurors peremptorily that is, without need to show any reason or cause. Article 1, Section 9, says the accused shall have the right to an impartial jury. Code of Criminal Procedure Articles 797 and 798 Set forth the grounds for challenge for cause. Under these laws I cannot believe that the majority means to say, or in any way indicate, that the trial court has discretion to entirely eliminate questioning which could establish one ground for challenge for cause, that “The juror will not accept the law as given to him by the court”. C.Cr.P. Art. 797(4). Moreover, these laws recognize the latitude given defense counsel to manage voir dire examination so that the right to peremptory challenges can be effectively exercised.
In this particular case there is no indication that the prospective jurors were' *406 sworn before the court instructed them and inquired of them whether they would accept the law. Moreover, it is admitted by the trial judge that this procedure was followed only on the first day of a jury week preceding any trials and not immediately before each case. The majority of this court has somehow found that: “We must presume that the petit jury which tried this case received the trial judge’s instructions on the day trial began, and that defense counsel was present when such instructions were given.” I am unable to determine what law requires it to make such presumption, or what facts can lead to that conclusion. In addition, this conclusion has no function in considering the legal question with which we are faced, especially under the law cited above.
Under the voir dire procedure adopted by this district court there exists the probability, supported by this case, that another mandatory right of the accused will not be observed. The defendant is entitled to be present at every important stage of the proceedings, and the selection of the jury is one of the stages that requires the presence of the accused, Art. 831(3), C.Cr.P., as well as the charging of the jury, Art. 831(5) and Comment (d). In this case there is no showing that the defendant Was present while the judge “instructed” the prospective jurors. The majority errs in trying to distinguish this case on the basis ' that counsel was in the courtroom at some pre-trial proceeding conducted by the judge. This could hardly be considered waiver by temporary voluntary absence of defendant under Article 832 of the Code of Criminal Procedure.
I find that the procedure here was an abuse of the discretion granted to the court under Article 786, C.Cr.P., and further was a Violation of expressed law, constitutional and statutory. For the reasons here stated, and those stated in my dissents in State v. Crittle, supra; State v. Bell, supra; and State v. Richey, 258 La. 1094, 249 So.2d 143 (1971). I respectfully dissent.